IN THE CIRCUIT COURT OF THE
5TH JUDICIAL CIRCUIT IN AND FOR
SUMTER COUNTY, FLORIDA

CASE NO.:

STEVEN WAYNE WEST,
JEFFREY RAY JOURNELL,
and SAMUEL ALEXANDER
RAGAN,

       Plaintiffs,

v.

CAL-MAINE FOODS, INC.,
a foreign corporation, PSG
OLDCO, LLC, a Florida
limited liability company, and
BALANCE PROFESSIONAL, INC.,
a Florida corporation,

       Defendants.

_____/

## **COMPLAINT**

Plaintiffs Steven Wayne West ("Mr. West"), Jeffrey Ray Journell ("Mr. Journell"),

and Samuel Alexander Ragan ("Mr. Ragan"), collectively referred to as "Plaintiffs," serve

this Complaint against and sue Defendants Cal-Maine Foods, Inc., a foreign corporation,

PSG Oldco, LLC, a Florida limited liability company, and Balance Professional, Inc., a

Florida corporation, (collectively referred to as "Corporate Defendants"), and state as

follows:

Electronically Filed Sumter Case # 2023CA000676AXMX 06/14/2023 11:06:25 AM

EXHIBIT
A

## JURISDICTIONAL ALLEGATIONS

1.      This is an action for monetary damages in excess of $50,000.00, exclusive of attorney fees and costs.

2.      Plaintiff Steven Wayne West is *sui juris* and was employed by Corporate Defendants in Sumter County, Florida, and is a resident of Sumter County, Florida.

3.      Plaintiff Jeffrey Ray Journell is *sui juris* and was employed by Corporate Defendants in Sumter County, Florida, and is a resident of Sumter County, Florida.

4.      Plaintiff Samuel Alexander Ragan is *sui juris* and was employed by Corporate Defendants in Sumter County, Florida, and is a resident of Sumter County, Florida.

5.      Defendant Cal-Maine Foods, Inc. has been and is a Delaware corporation authorized to and conducting business in Sumter County, Florida, and is subject to the personal jurisdiction and venue of this Court.

6.      Defendant PSG Oldco, LLC has been and is a Florida limited liability company authorized to and conducting business in Sumter County, Florida, and is subject to the personal jurisdiction and venue of this Court.

7.      Defendant Balance Professional, Inc. has been and is a Florida corporation authorized to and conducting business in Sumter County, Florida, and is subject to the personal jurisdiction and venue of this Court.

8.      Corporate Defendants were/are a joint/single employer of Plaintiffs and/or successor corporations of any of Plaintiffs' prior employers and/or any prior corporations were merged into Corporate Defendants.

9.     Various material transactions and occurrences on which this action is based took place in Sumter County, Florida.

10.     This Court has jurisdiction and venue over all causes of action including pursuant to §48.193; 47.011; 47.021; 47.041; 47.051; and/or 760.11, Fla. Stat.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11.     All conditions precedent to this action have been performed or waived.

12.     Plaintiffs' damages include, but are not limited to, lost income, lost benefits and/or diminished income potential, pain and suffering, mental anguish and psychological and emotional distress.

13.     Corporate Defendants were joint/single employers of Plaintiffs.

14.     Corporate Defendants participated/participate actively in the day-to-day management of employees and developed, implemented, authorized, supervised and/or were/are otherwise responsible for employment policies and procedures as relates to Plaintiff.

15.     Corporate Defendants retained ultimate authority with regard to Plaintiffs' employment and retained the right to hire, fire and assign work and employee benefits of Plaintiff.

16.     Corporate Defendants effectively exercised control over all important aspects of employment with regard to Plaintiffs' employment.

17.     Corporate Defendants shared responsibilities as to employee and employment matters.

18.     Corporate Defendants had direct knowledge of and participated in the improper conduct alleged in this Complaint.

19.     Corporate Defendants shared and co-determined matters governing the essential terms and conditions of Plaintiffs' and other employees' employment.

20.     Corporate Defendants recruited and/or hired employees, and/or approved personnel decisions.

21.     Corporate Defendants retained sufficient control over employees so as to be joint and/or single employers.

22.     Corporate Defendants each delegated sufficient control of traditional rights over employees of each other so that each was/is the agent of the other.

23.     Mr. West, who is a gay male, began working as a loader for Corporate Defendants in August 2021 at their Sumter County, Florida location.

24.     Mr. Journell, who is a gay male over the age of 40, began working as a loader for Corporate Defendants in May 2021 at their Sumter County, Florida location.

25.     Mr. Ragan, who is a gay male, began working as a loader for Corporate Defendants in June 2021 at their Sumter County, Florida location.

26.     Plaintiffs were subjected to a relentless campaign of verbal abuse and/or harassment by employee(s) of Corporate Defendants on the basis of their sex/sexual orientation.

27.     The verbal harassment was directed at Plaintiffs by Corporate Defendants' employee(s).

4

28.     Corporate Defendants were on notice and/or knew or should have known that their employee(s) were harassing Plaintiffs.

29.     Corporate Defendants had direct knowledge of and/or participated in the improper conduct alleged in this Complaint.

30.     On a regular, continuing basis from the start of Plaintiffs' employment with Corporate Defendants up through the date of their termination/construction and on the premises/properties of Corporate Defendants, Plaintiffs were subjected to various improper acts of constant verbal, emotional and/or harassment directed towards them because of their sex/sexual orientation and/or age.

31.     On a regular, continuing basis from the start of Plaintiffs' employment with Corporate Defendants up through the date of their termination/constructive discharge, Corporate Defendants' employee(s) perpetrated the following type of language/conduct directed towards, or in the presence of, Plaintiffs, continually and repeatedly, on a frequent, mostly daily basis:

1.    **Supervisors/employees regularly used homophobic, anti-gays slurs;**

2.    **Supervisors/employees regularly told homophobic, anti-gay jokes;**

3.    **"Do you like your finger in your ass?"**

4.    **Supervisors/employees would make comments such as "Who's the man and who's the woman?"**

5.    **Supervisors/employees would ask Mr. West, Mr. Ragan, and Mr. Journell, "Do you have threesomes?"**

6.    **"Who's the man and who's the bitch in this relationship?"**

7.    **"Are your bitches under control?"**

8.  Supervisors/employees would make comments about "pole smokers," meaning oral sex;

9.  "Put hair around that hole, it will be better;"

10. "Taking it in the ass;"

11. Supervisor would make comments about setting Mr. Journell up with another homosexual employee;

12. Mr. Journell would hear comments about "gay Joseph;"

13. "You know he wants you. You know you want him;"

14. On numerous occasions, supervisors/employees would use the term "faggot;"

15. On numerous occasions, supervisors/employees would use the term "homo;"

16. "I know he's your type, he's a daddy in a relationship;"

17. "You know what he wants, you should go talk to him;"

18. "If a woman sticks a finger up the man's ass, does that make him gay?"

19. When Mr. West, Mr. Ragan, and Mr. Journell complained about homophobic comments being used such as "faggot," nothing was ever done;

20. When two lesbians complained about sexual harassment, they were told to drop it or be terminated;

21. "Pitcher;"

22. "Cather;"

23. On a regular daily basis, employees would find it necessary to make gay jokes and slurs toward Mr. West;

24. Employees would refer to Mr. West as a "faggot;"

25. Employees would refer to Mr. West as a "dick sucker;"

26. Employees would refer to Mr. West as a "pole smoker;"

27. Employees would tell Mr. West that "all faggots are going to hell;"

28. Supervisors would make gay jokes and comments toward Mr. West in front of other employees, as if encouraging homophobic behavior;

29. On numerous occasions, supervisor(s) would ask Mr. West what sex was like between him and Mr. Ragan;

30. Plant supervisor would call Mr. West "faggot;"

31. Employees/supervisors would ask Mr. West who was on top and who was on bottom;

32. Employees/supervisors would ask Mr. West what it felt like with no hair around it;

33. When Mr. West complained to plant supervisor about employees' drug use and harassing behavior, plant supervisor said he would take care of it but never did;

34. Employees in other departments called Mr. West a "snitch;"

35. Employees threatened Mr. West's safety;

36. Supervisor would make homophobic comments about Mr. West while inside of the facility, causing employees to laugh at Mr. West;

37. Supervisor would make homophobic comments about Mr. West while on break, causing employees from other departments to laugh at Mr. West;

38. When Mr. West complained again, supervisors assured him changes would be made; but then they told Mr. West that he must go back to work in the same where he was harassed or go to another work area and take a pay cut;

39. When Mr. West asked supervisors if he would be safe going back to his current work area, supervisor told him that he could not promise Mr. West's safety and he could not promise that Mr. West would not get jumped in the parking lot;

40. Employees/supervisors would make sexual innuendos about Mr. West and Mr. Ragan;

41. Employees/supervisors would ask Mr. West and Mr. Ragan whether they slept together;

42. Employees/supervisors would ask Mr. West and Mr. Ragan who was the bitch in the relationship;

43. Employees/supervisors would ask if Mr. West or Mr. Ragan paid Mr. Journell for sexual services;

44. On numerous occasions, employees approached Mr. Ragan and asked him if he was fucking the "old man," referring to Mr. Journell;

45. On numerous occasions, employees asked Mr. Ragan if Mr. Journell was his boyfriend;

46. On a regular almost daily basis, supervisors/employees would make gay comments and innuendos about Mr. Ragan;

47. On a near daily basis, supervisors/employees asked Ms. Ragan if Mr. Journell was his sugar daddy because Mr. Journell was so much older than him;

48. On a near daily basis, supervisors/employees asked Mr. Ragan if he was a "bottom bitch;"

49. On a near daily basis, supervisors/employees asked Mr. Ragan if he spit or swallowed;

50. Supervisors/employees would ask Mr. Ragan if Mr. Journell takes Viagra to get his dick up;

51. "If a guy fingers another guy's ass, does that make him queer?"

52. "If a guy gets a blow job from another guy, does that make him queer?"

53. Supervisors/employees asked Mr. Ragan if he had to ride Mr. Journell's dick because Mr. Journell was too old to do any other positions;

54. Supervisors/employees asked Mr. Ragan if Mr. Journell pays well for the services he receives;

55. Supervisors/employees would ask Mr. Ragan who was a better pole smoker;

56. Supervisors/employees would ask Mr. Ragan if he was a screamer or a moaner;

57. Supervisors/employees made inappropriate gay jokes a regular basis;

58. "A gay guy was dating three other guys at the same time. The guy passes away, and the funeral home director asked the three guys what they were going to do with the ashes. The first guy said he was going to spread his ashes over the mountains. The second guy said he was going to spread his ashes over the ocean. And the third guy said he was going to spread his ashes over chili beans so he could burn his ass up one more time;"

59. When Mr. Ragan complained about the homophobic jokes and comments, supervisor told him it was no big deal and that the employees were just cutting up and playing, and not to let it bother him;

60. Employees would call Mr. Ragan a "cock sucker;"

61. Employees would ask Mr. Ragan if he preferred missionary style or doggy style;

62. Employees would ask Mr. Ragan if he knew what it was like to be gang banged;

63. Employees would ask Mr. Ragan if he knew what it was like to be used as a cum dumpster;

64. Employees would tell Mr. West that they bet Mr. Ragan could suck a golf ball through a garden hose;

65. Employees would tell Mr. West that Mr. Ragan hit on other men at work;

66. Employees would tell Mr. West that Mr. Ragan was trying to have sex with other men at work;

67. Employees would refer to Mr. West and Mr. Ragan as fudge packers;

68. Employees would ask Mr. West and Mr. Ragan if they used dildos;

69. Employees would ask Mr. Ragan if he enjoyed getting double teamed by Mr. West and Mr. Journell;

70. Supervisor would ask Mr. West if Mr. Ragan was his "bitch boy" in front of other employees;

71. Supervisor would ask Mr. West if he has Mr. Ragan on a leash;

72. Supervisor would ask Mr. West if he had his bitch trained, referring to Mr. Ragan;

73. When Mr. Ragan asked plant supervisor if he and Mr. West could work together, plant supervisor said "It would be a cold day in hell before two fags worked together;"

74. When Mr. Ragan asked if he could work in another department, plant supervisor told him no, the cooler "owned his Mexican ass;"

75. Employees subjected Mr. Ragan and his vehicle to threats;

76. Employees told Mr. Ragan that faggots should go to hell;

77. Supervisor/employees made Mr. Journell endure comments such as whether he was a "top or bottom;"

78. Supervisors/employees would ask Mr. Journell whether he was a "pitcher or catcher" in the bedroom;

79. Supervisors/employees would ask Mr. Journell if he was fucking one of his co-workers;

80. Supervisors/employees would ask Mr. Journell if he was having threesomes with Mr. Ragan and Mr. West;

81. On a near daily basis, employees would tell Mr. Journell that his co-worker Joe wanted to sleep with him and that they knew that Mr. Journell wanted him to;

82. Employees talked about Mr. Journell's sexuality on a daily basis;

83. Supervisor told Mr. Journell how big his dick was and that he was a lady's man;

84. Supervisor told Mr. Journell that fucking pussy was better;

85. On breaks, employees would ask Mr. Journell if he was a pole smoker;

86. Employees would ask Mr. Journell if he liked it in the rear;

87. Employees would tell Mr. Journell that "it is better if it has hair around it;"

88. On numerous occasions, employees called Mr. Journell a fag;

89. Supervisor would regularly instigate homophobic comments;

90. On a near daily basis, supervisors/employees would call Mr. Journell "old man;"

91. On a near daily basis, supervisors/employees would call Mr. Journell grandpa;

92. On a near daily basis, supervisors/employees would make fun of Mr. Journell's age (53);

93. Employees threatened Mr. Journell's safety;

94. Employees threatened to flatten Mr. Journell's tires;

95. General manager offered to move Mr. Journell to a different position with a pay cut;

96. General manager told Mr. Journell that he could not guarantee that he would be safe from other employees causing him harm;

97. "I cannot guarantee that you won't get jumped in the parking lot;"

98. "Fags;"

99. "Pole smoker;"

100. "Top or bottom;"

101. "Pitcher or receiver;"

102. "Threesome;"

**103. "Old man;"**

**104. "Grandpa;"**

**105. "Hairy around it;"**

**106. "Like it in the rear;"**

**107. On numerous occasions, supervisors/employees accused Mr. Journell of sexual activity with others;**

**108. Employees/managers continually made inappropriate sexual comments and jokes.**

32.     The above is a mere summary of some of the more prevalent offensive, improper and degrading conduct Plaintiffs were subjected to while employed by Corporate Defendants.

33.     Plaintiffs complained to management about the sex/sexual orientation and/or age harassment numerous times but Corporate Defendants' management did nothing.

34.     Mr. West was terminated/constructively discharged on or around November 10, 2021 in retaliation for his complaints about the harassing/discriminatory conduct.

35.     Mr. Journell was terminated/constructively discharged on or around November 8, 2021 in retaliation for his complaints about the harassing/discriminatory conduct.

36.     Mr. Ragan was terminated on or around November 2, 2021 in retaliation for his complaints about the harassing/discriminatory conduct.

37.     Much of the above-described behavior was done in the presence of other managers, supervisors, officers, employees, and/or other third parties, further degrading Plaintiffs.

38.     Corporate Defendants' employees/agents, including managers were advised of/aware of its employee(s)' propensity to engage in harassing conduct.

39.     Corporate Defendants, through their agents, officers, and owners, at all material times had actual or constructive knowledge of the improper language, conduct, transactions, and occurrences by harassing employee(s) but took no remedial action or inadequate remedial action.

40.     The improper actions of the harassing employee(s) would not have been possible were it not for the authority vested in them by Corporate Defendants and/or such authority facilitated the improper conduct.

41.     The harassing employee(s) were employees/agents of Corporate Defendants and all actions were taken by them at Corporate Defendants' place of business during normal working hours and were within the course and scope of or incident to their employment, and were done to further a purpose or interest of Corporate Defendants, and they were assisted in accomplishing their tortious conduct by the existence of the employer/employee or agency relation.

42.     Corporate Defendants, through their owners/ officers/ managers/ supervisors/agents, had actual or constructive knowledge or notice of the actions described herein but Corporate Defendants did not take remedial action and ratified and approved

those actions by permitting them to continue and by facilitating the continuation of those actions.

43. Corporate Defendants' high-ranking management level and/or policy-making employees had actual knowledge of and/or participated in the discriminatory conduct directed against Plaintiffs.

44. Corporate Defendants' employees who terminated/constructively discharged Plaintiff had the stature and authority to exercise control, discretion, and independent judgment over the hiring and firing of employees, including Plaintiffs.

45. As managing agents of Corporate Defendants, their actions, impute direct liability for/to Corporate Defendants.

46. Plaintiffs rejected and complained about the above described conduct.

47. Plaintiffs found the above described conduct totally unwelcome and offensive.

48. The above described conduct occurred at Corporate Defendants' workplace or while conducting Corporate Defendants' business.

49. Plaintiffs reported the employee(s)' behavior to owners/officers/ managers/supervisors of Corporate Defendants.

50. Plaintiffs were excellent employees who performed their jobs above Corporate Defendants' and industry standards.

51. Plaintiffs suffered damages as a direct and proximate result of the conduct alleged in this Complaint.

## COUNT ONE
## WEST V. CORPORATE DEFENDANTS
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,
## SECTIONS 760.01-760.11, FLA. STAT.
## SEX/SEXUAL ORIENTATION HARASSMENT/DISCRIMINATION

52.     Plaintiffs restate and reallege Paragraphs 1 through 51, as if fully set forth herein.

53.     Mr. West, as a gay male employee, has belonged to a protected group within Section 760.10, Fla. Stat.

54.     Corporate Defendants were/are employer(s) under Section 760.02, Fla. Stat.

55.     During the course of his employment with Corporate Defendants, Mr. West was repeatedly subjected to a hostile work environment and to unwelcome sex/sexual orientation harassment/discrimination by Corporate Defendants, and by employee(s) and/or agent(s) of Corporate Defendants, who frequently committed offensive verbal acts or conduct toward Mr. West, which Mr. West at all times found offensive and to which Mr. West repeatedly objected.

56.     The harassment/discrimination suffered by Mr. West was based on Mr. West' sex/sexual orientation, and Mr. West at all times rejected all overtures and objected to all offensive language and conduct.

57.     The aforementioned harassment/discrimination based on Mr. West's sex/sexual orientation was so pervasive that it affected a term, condition, or privilege of employment and created a hostile and abusive working environment for Mr. West.

58.     Corporate Defendants knew, or in the exercise of reasonable care should have known, of the aforementioned sex/sexual orientation harassment/discrimination, but failed to take prompt and effective remedial action.

59.     The     employee(s)     committing     sex/sexual     orientation harassment/discrimination toward Mr. West were employees, agents, or servants of Corporate Defendants.

60.     Mr. West was terminated/constructively discharged because he is gay.

61.     Mr. West filed a timely complaint with the Florida Commission on Human Relations, and 180 days have passed since the filing of his charge without any findings.

62.     A true and correct copy of FCHR documents is attached hereto as Plaintiffs' Exhibit "A."

63.     Mr. West has retained legal counsel to represent him in this lawsuit and has agreed to pay a reasonable fee.

64.     Mr. West is entitled to attorney fees and costs pursuant to Section 760.11, Fla. Stat.

WHEREFORE, Plaintiff Steven Wayne West seeks his remedies against Corporate Defendants under Chapter 760, Fla. Stat., The Florida Civil Rights Act of 1992, as amended, including Sections 760.10 and 760.11, Fla. Stat., including, but not limited to: an order prohibiting the discriminatory practices of Corporate Defendants and providing affirmative relief from the effects of the practices, including back pay; compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any

other intangible injuries; damages resulting from lost earnings/wages and earning potential; back and front pay; lost benefits; pain and suffering; loss of capacity for the enjoyment of life; psychological and emotional injuries; medical and psychological bills; costs; prejudgment interest;  reasonable attorney fees and costs pursuant to Section 760.11(5), Fla. Stat; and, all other relief that the Court deems appropriate.  Mr. West demands a trial by jury.

**COUNT TWO**
**WEST V. CORPORATE DEFENDANTS**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,**
**SECTIONS 760.01-760.11, FLA. STAT.**
**RETALIATION**

65.    Plaintiffs restate and reallege Paragraphs 1 through 51, as if fully set forth herein.

66.    Mr. West, as a gay male employee, has belonged to a protected group within Section 760.10, Fla. Stat.

67.    Corporate Defendants were/are an employer under Section 760.02, Fla. Stat.

68.    Mr. West engaged in statutorily protected expression.

69.    Mr. West suffered an adverse employment action(s).

70.    There was a causal connection between Mr. West's participation in protected expression and the adverse action.

71.    As a direct, legal, and/or proximate cause of the above alleged violations, Mr. West has suffered damages.

72.     Corporate Defendants retaliated against Mr. West because Mr. West challenged, opposed and complained of the unlawful practices of Corporate Defendants alleged in this Complaint.

73.     Mr. West was retaliated against with escalated harassment, reprimanded, disciplined and/or terminated/constructively discharged from his employment with Corporate Defendants for pretextual reasons and in retaliation for his complaints regarding the hostile work environment, and in retaliation for his refusal to accede to harassment.

74.     Mr. West filed a timely complaint with the Florida Commission on Human Relations, and 180 days have passed since the filing of his charge without any findings.

75.     A true and correct copy of FCHR documents are attached hereto as Plaintiffs' Exhibit "A."

76.     Mr. West has retained legal counsel to represent him in this lawsuit and has agreed to pay a reasonable fee.

77.     Mr. West is entitled to attorney fees and costs pursuant to Section 760.11, Fla. Stat.

WHEREFORE, Plaintiff Steven Wayne West seeks his remedies against Corporate Defendants under Chapter 760, Fla. Stat., The Florida Civil Rights Act of 1992, as amended, including Sections 760.10 and 760.11, Fla. Stat., including, but not limited to: an order prohibiting the discriminatory practices of Corporate Defendants and providing affirmative relief from the effects of the practices, including back pay; compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; damages resulting from lost earnings/wages and earning potential;

18

back and front pay; lost benefits; pain and suffering; loss of capacity for the enjoyment of life; psychological and emotional injuries; medical and psychological bills; costs; prejudgment interest; reasonable attorney fees and costs pursuant to Section 760.11(5), Fla. Stat; and, all other relief that the Court deems appropriate. Mr. West demands a trial by jury.

**COUNT THREE**
**JOURNELL V. CORPORATE DEFENDANTS**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,**
**SECTIONS 760.01-760.11, FLA. STAT.**
**SEX/SEXUAL ORIENTATION/AGE HARASSMENT/DISCRIMINATION**

78.     Plaintiffs restate and reallege Paragraphs 1 through 51, as if fully set forth herein.

79.     Mr. Journell, as a gay male employee over the age of 40, has belonged to a protected group within Section 760.10, Fla. Stat.

80.     Corporate Defendants were/are employer(s) under Section 760.02, Fla. Stat.

81.     During the course of his employment with Corporate Defendants, Mr. Journell was repeatedly subjected to a hostile work environment and to unwelcome sex/sexual orientation and/or age harassment/discrimination by Corporate Defendants, and by employee(s) and/or agent(s) of Corporate Defendants, who frequently committed offensive verbal acts or conduct toward Mr. Journell, which Mr. Journell at all times found offensive and to which Mr. Journell repeatedly objected.

82.     The harassment/discrimination suffered by Mr. Journell was based on Mr. Journell's sex/sexual orientation and/or age, and Mr. Journell at all times rejected all overtures and objected to all offensive language and conduct.

83.     The aforementioned harassment/discrimination based on Mr. Journell's sex/sexual orientation was so pervasive that it affected a term, condition, or privilege of employment and created a hostile and abusive working environment for Mr. Journell.

84.     Corporate Defendants knew, or in the exercise of reasonable care should have known, of the aforementioned sex/sexual orientation/age harassment/discrimination, but failed to take prompt and effective remedial action.

85.     The employee(s) committing sex/sexual orientation/age harassment/discrimination toward Mr. Journell were employees, agents, or servants of Corporate Defendants.

86.     Mr. Journell was terminated/constructively discharged because he is gay and/or over the age of 40.

87.     Mr. Journell filed a timely complaint with the Florida Commission on Human Relations, and 180 days have passed since the filing of his charge without any findings.

88.     A true and correct copy of FCHR documents is attached hereto as Plaintiffs' Exhibit "B."

89.     Mr. Journell has retained legal counsel to represent him in this lawsuit and has agreed to pay a reasonable fee.

90.    Mr. Journell is entitled to attorney fees and costs pursuant to Section 760.11, Fla. Stat.

WHEREFORE, Plaintiff Jeffrey Ray Journell seeks his remedies against Corporate Defendants under Chapter 760, Fla. Stat., The Florida Civil Rights Act of 1992, as amended, including Sections 760.10 and 760.11, Fla. Stat., including, but not limited to: an order prohibiting the discriminatory practices of Corporate Defendants and providing affirmative relief from the effects of the practices, including back pay; compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; damages resulting from lost earnings/wages and earning potential; back and front pay; lost benefits; pain and suffering; loss of capacity for the enjoyment of life; psychological and emotional injuries; medical and psychological bills; costs; prejudgment interest;  reasonable attorney fees and costs pursuant to Section 760.11(5), Fla. Stat; and, all other relief that the Court deems appropriate.  Mr. Journell demands a trial by jury.

## COUNT FOUR
## JOURNELL V. CORPORATE DEFENDANTS
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,
## SECTIONS 760.01-760.11, FLA. STAT.
## RETALIATION

91.    Plaintiffs restate and reallege Paragraphs 1 through 51, as if fully set forth herein.

92.    Mr. Journell, as a gay male employee over the age of 40, has belonged to a protected group within Section 760.10, Fla. Stat.

93.    Corporate Defendants were/are an employer under Section 760.02, Fla. Stat.

94.    Mr. Journell engaged in statutorily protected expression.

95.    Mr. Journell suffered an adverse employment action(s).

96.    There was a causal connection between Mr. Journell's participation in protected expression and the adverse action.

97.    As a direct, legal, and/or proximate cause of the above alleged violations, Mr. Journell has suffered damages.

98.    Corporate Defendants retaliated against Mr. Journell because Mr. Journell challenged, opposed and complained of the unlawful practices of Corporate Defendants alleged in this Complaint.

99.    Mr. Journell was retaliated against with escalated harassment, reprimanded, disciplined and/or terminated/constructively discharged from his employment with Corporate Defendants for pretextual reasons and in retaliation for his complaints regarding the hostile work environment, and in retaliation for his refusal to accede to harassment.

100.    Mr. Journell filed a timely complaint with the Florida Commission on Human Relations, and 180 days have passed since the filing of his charge without any findings.

101.    A true and correct copy of FCHR documents are attached hereto as Plaintiffs' Exhibit "B."

102.   Mr. Journell has retained legal counsel to represent him in this lawsuit and has agreed to pay a reasonable fee.

103.   Mr. Journell is entitled to attorney fees and costs pursuant to Section 760.11, Fla. Stat.

WHEREFORE, Plaintiff Jeffrey Ray Journell seeks his remedies against Corporate Defendants under Chapter 760, Fla. Stat., The Florida Civil Rights Act of 1992, as amended, including Sections 760.10 and 760.11, Fla. Stat., including, but not limited to: an order prohibiting the discriminatory practices of Corporate Defendants and providing affirmative relief from the effects of the practices, including back pay; compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; damages resulting from lost earnings/wages and earning potential; back and front pay; lost benefits; pain and suffering; loss of capacity for the enjoyment of life; psychological and emotional injuries; medical and psychological bills; costs; prejudgment interest;  reasonable attorney fees and costs pursuant to Section 760.11(5), Fla. Stat; and, all other relief that the Court deems appropriate.  Mr. Journell demands a trial by jury.

## COUNT FIVE
## RAGAN V. CORPORATE DEFENDANTS
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,
## SECTIONS 760.01-760.11, FLA. STAT.
## SEX/SEXUAL ORIENTATION HARASSMENT/DISCRIMINATION

104.    Plaintiffs restate and reallege Paragraphs 1 through 51, as if fully set forth herein.

105.    Mr. Ragan, as a gay male employee, has belonged to a protected group within Section 760.10, Fla. Stat.

106.    Corporate Defendants were/are employer(s) under Section 760.02, Fla. Stat.

107.    During the course of his employment with Corporate Defendants, Mr. Ragan was repeatedly subjected to a hostile work environment and to unwelcome sex/sexual orientation harassment/discrimination by Corporate Defendants, and by employee(s) and/or agent(s) of Corporate Defendants, who frequently committed offensive verbal acts or conduct toward Mr. Ragan, which Mr. Ragan at all times found offensive and to which Mr. Ragan repeatedly objected.

108.    The harassment/discrimination suffered by Mr. Ragan was based on Mr. Ragan's sex/sexual orientation, and Mr. Ragan at all times rejected all overtures and objected to all offensive language and conduct.

109.    The aforementioned harassment/discrimination based on Mr. Ragan's sex/sexual orientation was so pervasive that it affected a term, condition, or privilege of employment and created a hostile and abusive working environment for Mr. Ragan.

110.    Corporate Defendants knew, or in the exercise of reasonable care should have known, of the aforementioned sex/sexual orientation harassment/discrimination, but failed to take prompt and effective remedial action.

111.    The        employee(s)        committing        sex/sexual        orientation harassment/discrimination toward Mr. Ragan were employees, agents, or servants of Corporate Defendants.

112.    Mr. Ragan was terminated because he is gay.

113.    Mr. Ragan filed a timely complaint with the Florida Commission on Human Relations, and 180 days have passed since the filing of his charge without any findings.

114.    A true and correct copy of FCHR documents is attached hereto as Plaintiffs' Exhibit "C."

115.    Mr. Ragan has retained legal counsel to represent him in this lawsuit and has agreed to pay a reasonable fee.

116.    Mr. Ragan is entitled to attorney fees and costs pursuant to Section 760.11, Fla. Stat.

WHEREFORE, Plaintiff Samuel Alexander Ragan seeks his remedies against Corporate Defendants under Chapter 760, Fla. Stat., The Florida Civil Rights Act of 1992, as amended, including Sections 760.10 and 760.11, Fla. Stat., including, but not limited to: an order prohibiting the discriminatory practices of Corporate Defendants and providing affirmative relief from the effects of the practices, including back pay; compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; damages resulting from lost earnings/wages and earning potential;

back and front pay; lost benefits; pain and suffering; loss of capacity for the enjoyment of life; psychological and emotional injuries; medical and psychological bills; costs; prejudgment interest; reasonable attorney fees and costs pursuant to Section 760.11(5), Fla. Stat; and, all other relief that the Court deems appropriate. Mr. Ragan demands a trial by jury.

**COUNT SIX**
**RAGAN V. CORPORATE DEFENDANTS**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,**
**SECTIONS 760.01-760.11, FLA. STAT.**
**RETALIATION**

117.    Plaintiffs restate and reallege Paragraphs 1 through 51, as if fully set forth herein.

118.    Mr. Ragan, as a gay male employee, has belonged to a protected group within Section 760.10, Fla. Stat.

119.    Corporate Defendants were/are an employer under Section 760.02, Fla. Stat.

120.    Mr. Ragan engaged in statutorily protected expression.

121.    Mr. Ragan suffered an adverse employment action(s).

122.    There was a causal connection between Mr. Ragan's participation in protected expression and the adverse action.

123.    As a direct, legal, and/or proximate cause of the above alleged violations, Mr. Ragan has suffered damages.

124.   Corporate Defendants retaliated against Mr. Ragan because Mr. Ragan challenged, opposed and complained of the unlawful practices of Corporate Defendants alleged in this Complaint.

125.   Mr. Ragan was retaliated against with escalated harassment, reprimanded, disciplined and/or terminated from his employment with Corporate Defendants for pretextual reasons and in retaliation for his complaints regarding the hostile work environment, and in retaliation for his refusal to accede to harassment.

126.   Mr. Ragan filed a timely complaint with the Florida Commission on Human Relations, and 180 days have passed since the filing of his charge without any findings.

127.   A true and correct copy of FCHR documents are attached hereto as Plaintiffs' Exhibit "C."

128.   Mr. Ragan has retained legal counsel to represent him in this lawsuit and has agreed to pay a reasonable fee.

129.   Mr. Ragan is entitled to attorney fees and costs pursuant to Section 760.11, Fla. Stat.

WHEREFORE, Plaintiff Samuel Alexander Ragan seeks his remedies against Corporate Defendants under Chapter 760, Fla. Stat., The Florida Civil Rights Act of 1992, as amended, including Sections 760.10 and 760.11, Fla. Stat., including, but not limited to: an order prohibiting the discriminatory practices of Corporate Defendants and providing affirmative relief from the effects of the practices, including back pay; compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries; damages resulting from lost earnings/wages and earning potential;

back and front pay; lost benefits; pain and suffering; loss of capacity for the enjoyment of life; psychological and emotional injuries; medical and psychological bills; costs; prejudgment interest;  reasonable attorney fees and costs pursuant to Section 760.11(5), Fla. Stat; and, all other relief that the Court deems appropriate.  Mr. Ragan demands a trial by jury.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

William M. Julien, P.A.
Attorneys for Plaintiffs
Canyon Town Center - Suite 221
8794 Boynton Beach Boulevard
Boynton Beach, FL 33472
Telephone: (561) 995-9990
Facsimile: (561) 995-8103

BY:

PETER R. ULANOWICZ
Florida Bar No.: 0012205
WILLIAM M. JULIEN
Florida Bar No.: 0003743
Primary e-mail: pulanowicz@attorneyjulien.com,
wjulien@attorneyjulien.com
Secondary e-mail: opovedano@attorneyjulien.com

# Exhibit A



LAW OFFICE OF
**WILLIAM M. JULIEN, P.A.**
Employee Justice

William M. Julien, Esq.
Peter R. Ulanowicz, Esq.

Olivia Povedano
Managing Paralegal

CANYON TOWN CENTER • SUITE 221
8794 BOYNTON BEACH BOULEVARD
BOYNTON BEACH, FLORIDA 33472
wjulien@attorneyjulien.com
www.attorneyjulien.com

Jeffrey A. Shaffer, P.A.
Of Counsel

TEL (561) 995-9990
FAX (561) 995-8103

June 14, 2022

**_Via email: miamatty@eeoc.gov_**

Paul Valenti, Director
EEOC Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131

RE:   **Charging Party:**         **Steven W. West**
      **Respondent:**            **Cal-Maine Foods/Balance Staffing, et al.**

Dear Sir/Madam:

Please be advised that the undersigned represents Mr. Steven W. West. Enclosed please find a Charge of Discrimination on his behalf. Please file this with the EEOC and Florida Commission on Human Relations. Thank you for your courtesy and cooperation. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

WILLIAM M. JULIEN
WMJ/op

Enclosure
cc: Steven W. West

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA ☒ EEOC | |

Florida Commission on Human Relations _____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Steven Wayne West | (352) 809-2739 | ~~[redacted]~~ |

| Street Address | City, State and ZIP Code |
|---|---|
| 882 East Florida 44, Wildwood, FL 34785 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Cal-Maine Foods, Inc., et al. | 15+ | (601) 718-4254 |

| Street Address | City, State and ZIP Code |
|---|---|
| 9565 C 476 B, Bushnell, FL 33513; 320 West Woodrow Wilson Ave. Jackson, MS 39209; 1052 Highland Colony Pkwy, Ste. 200 Ridgeland, MS 39157 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Balance Staffing/Personnel Staffing Group, et al. | | (352) 523-0123 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 13960 7th Street, Unit 3 Dade City, FL 33525; 1751 Lake Cook Rd., Ste. 600 Deerfield, IL 60015 | | SUMTER COUNTY |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | | ☐ GENETIC INFORMATION |
| ☒ OTHER (Specify) SEXUAL ORIENTATION | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest Nov 10, 2021

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. STATEMENT OF PERSONAL HARM:

I worked as a loader. I was discriminated against based on and because of my sex/sexual orientation (gay) and/or failure to conform to sexual gender stereotypes.
I was discriminated against, harassed and retaliated against by my manager(s)/supervisors(s)/employee(s). I had different terms and conditions of employment than other employees. I was the victim of disparate impact/intent and/or treatment discrimination/ harassment/retaliation based on being gay. When I complained to management/superiors, I was retaliated against and constuctively discharged/terminated. I was subjected to a hostile environment of offensive comments, touchings and/or activities.

II. RESPONDENT'S REASON FOR PERSONAL HARM:

I was not given a reason. Any reason was pretextual.

III. DISCRIMINATION STATEMENT:

I have been discriminated against/harassed and/or retaliated against, because of my sex/sexual orientation in violation of the Florida Civil Rights Act of 1992 as amended, §760.01 - 760.11, Fla. Stat.; and, Title VII of the Civil Rights Act of 1964, as amended.
I believe I have been discriminated against for the following reasons, including, but not limited to: I was discriminated against and harassed/degraded by employees/supervisor(s)/manager(s) based on my sex/sexual orientation. When I complained I was retaliated against and terminated. I was denied employment opportunities and constructively discharged/terminated.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT |
| *t-14-22* _____ _____ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 6-14-22 |

State of Florida          County of _Sumter_

The foregoing instrument was acknowledged before me
via ☒ physical presence   OR   ☐ online notarizations
this ____14____ day of _June_ , 20 _22_

By _Steven Wayne West_

Personally known ___ OR produced identification __X__

Type of identification produced _Drivers license_

_____

NOTARY NAME HERE, Notary Public
My Commission Expires _07/28/2024_

Notary Public State of Florida
Ashley Marie James
My Commission HH 024726
Expires 07/28/2024

# Exhibit B



LAW OFFICE OF
**WILLIAM M. JULIEN, P.A.**
Employee Justice

William M. Julien, Esq.
Peter R. Ulanowicz, Esq.
_____

Olivia Povedano
Managing Paralegal

CANYON TOWN CENTER • SUITE 221
8794 BOYNTON BEACH BOULEVARD
BOYNTON BEACH, FLORIDA 33472
wjulien@attorneyjulien.com
www.attorneyjulien.com

Jeffrey A. Shaffer, P.A.
Of Counsel
_____

TEL (561) 995-9990
FAX (561) 995-8103

June 14, 2022

*<u>Via email: miamatty@eeoc.gov</u>*

Paul Valenti, Director
EEOC Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131

RE:   **Charging Party:**        **Jeffrey R. Journell**
         **Respondent:**          **Cal-Maine Foods/Balance Staffing, et al.**

Dear Sir/Madam:

Please be advised that the undersigned represents Mr. Jeffrey R. Journell. Enclosed please find a Charge of Discrimination on his behalf. Please file this with the EEOC and Florida Commission on Human Relations. Thank you for your courtesy and cooperation. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

WILLIAM M. JULIEN
WMJ/op

Enclosure
cc: Jeffrey R. Journell

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA  ☒ EEOC | |

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jeffrey Ray Journell | (352) 809-2739 | ~~████~~ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 882 East Florida 44, Wildwood, FL 34785 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Cal-Maine Foods, Inc., et al. | 15+ | (601) 718-4254 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 9565 C 476 B, Bushnell, FL 33513; 320 West Woodrow Wilson Ave. Jackson, MS 39209; 1052 Highland Colony Pkwy, Ste. 200 Ridgeland, MS 39157 | | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Balance Staffing/Personnel Staffing Group, et al. | | (352) 523-0123 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 13960 7th Street, Unit 3 Dade City, FL 33525; 1751 Lake Cook Rd., Ste. 600 Deerfield, IL 60015 | | SUMTER COUNTY |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest          Latest  Nov 8, 2021 |
| ☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☒ OTHER (Specify) SEXUAL ORIENTATION | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. STATEMENT OF PERSONAL HARM:**

I worked as a loader. I was discriminated against based on and because of my sex/sexual orientation (gay) and/or failure to conform to sexual gender stereotypes and/or age.

I was discriminated against, harassed and retaliated against by my manager(s)/supervisors(s)/employee(s). I had different terms and conditions of employment than other employees. I was the victim of disparate impact/intent and/or treatment discrimination/harassment/retaliation based on being gay and/or age. When I complained to management/superiors, I was retaliated against and constuctively discharged/terminated. I was subjected to a hostile environment of offensive comments, touchings and/or activities.

**II. RESPONDENT'S REASON FOR PERSONAL HARM:**

I was not given a reason. Any reason was pretextual.

**III.    DISCRIMINATION STATEMENT:**

I have been discriminated against/harassed and/or retaliated against, because of my sex/sexual orientation and/or age in violation of the Florida Civil Rights Act of 1992 as amended, §7760.01 - 760.11, Fla. Stat.; the ADEA; and, Title VII of the Civil Rights Act of 1964, as amended. I believe I have been discriminated against for the following reasons, including, but not limited to: I was discriminated against and harassed/degraded by employees/supervisor(s)/manager(s) based on my sex/sexual orientation and/or age. When I complained I was retaliated against and terminated. I was denied employment opportunities and constructively discharged/terminated.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| 6-14-22 _____ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  6 14 22 |

State of Florida          County of _Sumter_

The foregoing instrument was acknowledged before me
via ☑ physical presence   OR   ☐ online notarizations
this _____ day of _June_ , 20 _22_ .

By _Jeffrey Ray Tournell_

Personally Known ____ OR produced identification __✓__

Type of identification produced _Drivers License_

_____

NOTARY NAME HERE, Notary Public

My Commission Expires _07/28/2024_

Notary Public State of Florida
Ashley Marie Jaimes
My Commission HH 024726
Expires 07/28/2024

UNOFFICIAL DOCUMENT

# Exhibit C



LAW OFFICE OF
**WILLIAM M. JULIEN, P.A.**
Employee Justice

William M. Julien, Esq.
Peter R. Ulanowicz, Esq.

Olivia Povedano
Managing Paralegal

CANYON TOWN CENTER • SUITE 221
8794 BOYNTON BEACH BOULEVARD
BOYNTON BEACH, FLORIDA 33472
wjulien@attorneyjulien.com
www.attorneyjulien.com

Jeffrey A. Shaffer, P.A.
Of Counsel

TEL (561) 995-9990
FAX (561) 995-8103

June 14, 2022

*Via email: miamatty@eeoc.gov*

Paul Valenti, Director
EEOC Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131

RE:   **Charging Party:**       **Samuel A. Ragan**
      **Respondent:**           **Cal-Maine Foods/Balance Staffing, et al.**

Dear Sir/Madam:

Please be advised that the undersigned represents Mr. Samuel A. Ragan. Enclosed please find a Charge of Discrimination on his behalf. Please file this with the EEOC and Florida Commission on Human Relations. Thank you for your courtesy and cooperation. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

WILLIAM M. JULIEN
WMJ/op

Enclosure
cc: Samuel A. Ragan

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | |

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br>Samuel Alexander Ragan | Home Phone *(Incl. Area Code)*<br>(352) 809-2739 | Date of Birth<br>~~_____~~ |
|---|---|---|

| Street Address<br>882 East Florida 44, Wildwood, FL 34785 | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Cal-Maine Foods, Inc., et al. | No. Employees, Members<br>15+ | Phone No. *(Incl. Area Code)*<br>(601) 718-4254 |
|---|---|---|

| Street Address<br>9565 C 476 B, Bushnell, FL 33513; 320 West Woodrow Wilson Ave. Jackson, MS 39209; 1052 Highland Colony Pkwy, Ste. 200 Ridgeland, MS 39157 | City, State and ZIP Code | |
|---|---|---|

| Name<br>Balance Staffing/Personnel Staffing Group, et al. | No. Employees, Members | Phone No. *(Incl. Area Code)*<br>(352) 523-0123 |
|---|---|---|

| Street Address<br>13960 7th Street, Unit 3 Dade City, FL 33525; 1751 Lake Cook Rd., Ste 600 Deerfield, IL 60015 | City, State and ZIP Code | SUMTER COUNTY |
|---|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN | Earliest                      Latest<br>                              Nov 2, 2021 |
| [X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION | |
| [X] OTHER *(Specify)* SEXUAL ORIENTATION | [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. STATEMENT OF PERSONAL HARM:

I worked as a builder. I was discriminated against based on and because of my sex/sexual orientation (gay) and/or failure to conform to sexual gender stereotypes.
I was discriminated against, harassed and retaliated against by my manager(s)/supervisors(s)/employee(s). I had different terms and conditions of employment than other employees. I was the victim of disparate impact/intent and/or treatment discrimination/harassment/retaliation based on being gay. When I complained to management/superiors, I was retaliated and terminated. I was subjected to a hostile environment of offensive comments, touchings and/or activities.

II. RESPONDENT'S REASON FOR PERSONAL HARM:
I was not given a reason. Any reason was pretextual.

III.   DISCRIMINATION STATEMENT:
I have been discriminated against/harassed and/or retaliated against, because of my sex/sexual orientation in violation of the Florida Civil Rights Act of 1992 as amended, §760.01 - 760.11, Fla. Stat.; and, Title VII of the Civil Rights Act of 1964, as amended.
I believe I have been discriminated against for the following reasons, including, but not limited to: I was discriminated against and harassed/degraded by employees/supervisor(s)/manager(s) based on my sex/sexual orientation. When I complained I was retaliated against and terminated. I was denied employment opportunities and terminated.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT |
| *6/14/22*                 *[signature]*<br>Date                Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br>*6/14/22* |

State of Florida            County of _Sumter_

The foregoing instrument was acknowledged before me
via ☑ physical presence _ OR ☐ online notarizations
this ___14___ day of _June_ , 20 _22_ .

By _Samuel Alexander Ragan_

Personally known ___ OR produced identification _X_

Type of identification produced _Drivers license_

_____

NOTARY NAME HERE, Notary Public
My Commission Expires _07/28/2024_

Notary Public State of Florida
Ashley Marie James
My Commission HH 024726
Expires 07/28/2024